Judge Robertson
delivered the opinion of the Court.
This is a suit in chancery by Dickerson against Boon, the administrator of George Brine-£ar’ anc^ a&a*ns£ the ^e'r and distributee and Wilson the guardian of the heir, of said Brinegar.
The bill charges that, in 1814, Linville Brinegar and George Brinegar, borrowed $100 of Dickerson, for a few days, without any agreement for payment in^erest, and executed to him their joint and seve- ^ note for the principal, ten days after the date; that in 1817 or 18, George Brinegar died, possessed a*considerable estate, leaving one heir, of whom Wilson was appointed guardian, and that Boon admin-ittered On the estate; that Boon, in 1819, had settled his administration accounts with the county court, and removed from the state, leaving the residuum of the estate which remained unadministered, in the hands of the guardian; that afterwards, Linville Brinegar died intestate, and that Dickerson administered on his estate; but that the assets were insufficient for the payment of the debts due to Dickerson; that the joint and several note remained due, and that in addition to this, Dickerson held two other notes on Linville Brinegar, one for $100, executed on the 21st day of September, 1816, the other for $9? 87 1-2, dated 5th September, 1818, and that the whole amount of the available assets of Linville Brinegar, would be less than $70.
The answers require proof of the signature of George Brinegar; aver that if he ever signed the note, he was only a surety, and that Dickerson had been paid, by either the actual receipt of the money from Linville, or arrangements made with him, which released George.
The proof is various and not perfectly satisfactory. But it is sufficient to convince us, that George Brine-gar was the surety of Linville in the note, and that the note had been paid off by Linville, or such arrangements made between him and Dickerson and S« *497 ISrinegar, as to exempt the estate of George, it would be useless to enter into an argument to sustain these inferences; because it would be nothing than an analysis of facts, in collecting and applying wnich.no principle of law, either new or difficult, is involved.
It may not be improper, however, to stale, without reasoning on them, some of the most prominent facts which may be collected from the record. They are the following: that Linville borrowed and needed the money, although George took it into his possession; that both Linville and Dickerson stated that George was surety; that the signature of LinvilL is first on the note; that George was in independent and prosperous circumstances, whilst those of Linville were precarious and declining; that Linville, after George’s death, was considered insolvent, and had been in the prison bounds; that he occasionally worked with Dickerson; that Dickerson collected something like $900 for him, stating as a reason for it, that Linville was his debtor; that Linviiie bad paid him at one time $40, and directed a credit to be entered on the joint note, but it appears that it was credited on one of the individual notes; that Linville, in Í817 or 18, delivered to Dickerson a promissory note, asking him if that would do,do which he replied that it would; that the administrator of George had advertised that he was desirous, speedily, to pay oil all just demands against (he estate of George, and had afterwards settled his accounts as administrator, and left the state; and in all this time, there is no intimation that Dickerson ever claimed or mentioned the $100 note, as one due by George. This suit was not brought until 1823; a letter from Linville to Dickerson, dated in 1819, alludes ,to the joiut note in a manner implying that it was then due.
These facts and some others more minute, leave very little doubt on our minds, when compared with dates and properly applied, that the circuit court did not err in dismissing the bill.
.The deposition of the administrator ought not to have been read, because he was a necessary party. The act of 1819, I. Digest, 537, does not exonerate *498 him from liability to suit for the debts of his intestate. Although he had settled up before the suit, and five years had expired since his appointment, yet as he had been appointed before the passage’of the act, and settled about the time the act went into operation, it should not be construed to apply to him. See Moore vs. Moore’s distributees, V. Monroe, 255.
But, as without this deposition, (which is very direct and positive as to the exoneration, of George Brinegar,) there are facts enough to sustain the decree, it cannot be reversed merely because the court heard an incompetent deposition, without which the decree ought to have been as it was.
Indulgence to the principal would not, alone, be sufficient for the release of the surety. But in this case, whether George Brinegar was a surety or a joint principal, the inference cannot easily be resisted, that either the money was paid, or some arrangement made, which was intended to release him, and did release him.
At all events, placing the facts in the strongest attitude for Dickerson, he had money enough in his hands, several times, to discharge the note; he knew that Linville was insolvent or in danger of becoming so. He was well acquainted with the fact, that George’s administrator was desirous to discharge all his liabilities, and that he was about to leave the state. He has not accounted for the note and the various sums of money which he received from Lin-ville, He took forcible possession of all his papers and effects, after his death, and administered on his estate. These facts, without any others,' would entitle the representatives of George to a decree, even if the note had never been directly paid. The chancellor would never give relief to such a creditor, under such circumstances, against a surety.
Wherefore, without going into a minute examination of the facts, (which could be necessary for no other purpose than to satisfy the complaining party, and which could be done without any difficulty, if, *499 íbr such'a purpose, it would be proper to enlarge this opinion.)
Simpson, for appellant: Hanson, for appellee.
The decree is affirmed with costs and damages.